Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006

T  +1 202.887.4000
F  +1 202.887.4288
akingump.com



**Paul W. Butler**
+1 202.887.4069 /fax: +1 202.887.4288
pbutler@akingump.com

April 10, 2024

The Honorable Paula Xinis
United States District Judge
c/o Clerk's Office
United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770-1249

> Re:  *United States v. Jeremy Schulman* (Cr. No. PX-20-434) – Correspondence regarding Department of Justice's Trial Brief, ECF No. 414

Dear Judge Xinis:

Mr. Schulman, by and through counsel, respectfully submits this correspondence to the Court in response to the government's Trial Brief, ECF No. 414 (the "Trial Brief").

In this matter the Court has entered *six* Scheduling Orders. ECF Nos. 58, 147, 263, 307, 350, and 365. None contained a deadline within which the parties were to file trial briefs. And most, including the Court's Sixth Amended Pretrial Scheduling Order, contained untraditional deadlines that were negotiated by the parties. *See* Sixth Pretrial Scheduling Order (Feb. 8, 2024) (ECF No. 365) (including a government-requested deadline for a "sur-reply (if any) to any component of defense reply related to materials produced on February 6, 2024"). The government had every opportunity to advise the defense, let alone the Court, of its intention to file a lengthy Trial Brief—and yet the defense had no advance notice of the contents of the government's Trial Brief. As the Trial Brief misrepresents the pretrial status of this matter, the defense requests that the Court set a schedule for the defense to respond to the numerous issues and arguments raised by it.

In advance of any such deadline, the Trial Brief makes one thing abundantly clear: any trial in this matter violates Mr. Schulman's constitutional rights to a fair trial, his Sixth Amendment right to confront witnesses, his Sixth Amendment right to obtain compulsory process over material witnesses to testify in his defense, and his Fifth Amendment rights to due process and against self-incrimination. The government's witness list and Trial Brief affirm that the following witnesses will not be called by the government and will almost certainly be unavailable to testify, while the government seeks to elicit hearsay testimony through their cooperator:



The Honorable Paula Xinis
April 10, 2024
Page 2

1. **Governor Abdi Ali Amalow:** The government's self-described "key figure" who was under grand jury subpoena in 2017, was inexplicably released from that subpoena, and is now beyond the compulsory process of this Court. Mr. Schulman has undertaken numerous actions and expended substantial resources to obtain Governor Amalow's testimony while the government stuck its head in the sand.

2. **Abdelhakim Abdi (a.k.a. Liban Ali):** Abdelhakim Abdi testified before the grand jury in an effort by the government to sanitize Governor Amalow's statements but, as the Court has found, still provided exculpatory testimony, and adopted that testimony at the January 2023 Evidentiary Hearing. The government will not call Abdelhakim Abdi in its case-in-chief and Mr. Schulman has been unable to serve him with a Rule 17 subpoena despite repeated attempts. *See* ECF No. 419. His whereabouts are currently unknown, but defense counsel believes he may have fled the country.

3. **President Hassan Sheikh Mohamud:** The Trial Brief demonstrates the materiality of President Mohamud's testimony regarding, among other things, Mr. Schulman's authority to engage in the asset recovery project, the circumstances surrounding the issuance of the 25B Certification to President Mohamud by the State Department, alleged communications between President Mohamud and the State Department regarding the 25B certification, and discussions between Mr. Schulman, President Mohamud and others regarding the power of attorney. The Government never sought to interview President Mohamud and he is beyond the compulsory process of this Court.

4. **Former Foreign Minister and Deputy Prime Minister Fawzia Adam:** The Trial Brief demonstrates the continued materiality of Ms. Adam's testimony with respect to Mr. Schulman's authority to engage in the asset recovery project, the circumstances of the 25B certification, and testimony to be elicited through Yussur Abrar. Mr. Schulman presented conclusive evidence of Ms. Adam's material testimony at the January 2023 evidentiary hearing. The government never sought to interview Ms. Adam and she is beyond the compulsory process of the Court.

5. **Former Chief of Staff to President Mohamud, Thabit Abdi:** Thabit Abdi has material exculpatory evidence on Mr. Schulman's authority to act on behalf of the Somali government, authority to take specific actions on behalf of the Somali government, and President Mohamud's repeated assurances regarding the same. The Government never sought to interview Mr. Abdi and he is beyond the compulsory process of this Court.

6. **Former President Sheikh Sharif Ahmed:** The government's Trial Brief affirms that it intends to present evidence, including through hearsay testimony of Abdiaziz Amalo, of meetings between Mr. Schulman and President Sheikh Sharif Ahmed, and the alleged criminal circumstances surrounding President Ahmed granting authority for the asset



The Honorable Paula Xinis
April 10, 2024
Page 3

      recovery project.  The government never sought to interview President Ahmed and he is beyond the compulsory process of this Court.

7. **Former Finance Minister and Deputy Prime Minister Sharif Hassan Sheikh Aden:**  The government's Trial Brief outlines evidence it intends to present, including through hearsay testimony of Abdiaziz Amalo, concerning meetings Mr. Schulman attended with Finance Minister Hassan, and the alleged criminal circumstances surrounding President Ahmed granting authority for the asset recovery project.  The government never sought to interview Finance Minister Hassan and he is beyond the compulsory process of this Court.

8. **Former Somali Ambassador to the United Nations Elmi Duale:**  The Trial Brief demonstrates the materiality of former Ambassador Duale's multiple certifications of Mr. Schulman's authority.  The Government never sought to interview Ambassador Duale and he is beyond the compulsory process of this Court.

9. **Former Central Bank Governor Abdulsalam Omer:**  Governor Omer possesses material testimony as the former Governor of the Central Bank who signed the 2013 engagement letter with Shulman Rogers for the asset recovery project and was involved in key events concerning the project and the parallel investigation by Shulman Rogers into allegations made by the U.N. Monitoring Group.  The Trial Brief indicates that Yussur Abrar and Abdi Amalo will likely provide testimony regarding Governor Omer's role, yet the government never sought to interview Governor Omer and he is beyond the compulsory process of the Court.

10. **Former Prime Minister Ali Sharmarke:**  The Trial Brief demonstrates the key role former Prime Minister Sharmarke played in the early period of the asset recovery project and his testimony is material to Abdiaziz Amalo's hearsay testimony regarding an allegedly forged authority letter issued in favor of Governor Amalow.  The government never sought to interview Prime Minister Sharmarke and he is beyond the compulsory process of this Court.

11. **Former U.S. Ambassador Donald Bandler (deceased):**  Former Ambassador Bandler played a key role in the early period of the asset recovery project and attended numerous meetings with and frequently interacted with Abdiaziz Amalo and Governor Amalow.  The government never sought to interview Ambassador Bandler and he is now deceased.

12. **Professor Ahmed Warfa (deceased):**  Professor Warfa played a key role as a senior advisor to Somalia's Transitional Federal Government and attended early meetings regarding the asset recovery project, including meetings with President Ahmed and Mr. Schulman.  The government never sought to interview Professor Warfa and he is now deceased.

Case 8:20-cr-00434-PX   Document 421   Filed 04/10/24   Page 4 of 4



The Honorable Paula Xinis
April 10, 2024
Page 4

      Based on the above and the issues previously raised by the defense—including the government's contribution to the unavailability of witnesses and evidence through the abuse of a tolling statute—Mr. Schulman is now compelled to move for reconsideration of his Motion to Dismiss the Indictment pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, ECF No. 156, for violations of Mr. Schulman's constitutional rights to a fair trial and due process.

      Sincerely,

Paul W. Butler
Allison T. Coffin
Madeline M. Bardi
*Counsel for Jeremy Wyeth Schulman*

cc:    Stanley E. Woodward Jr., Esq., Brand Woodward Law